IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| BILLY BOB OPPELT,<br>TDCJ-CID No. 01928558,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, I *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  2:19-CV-127-Z-BR<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 1) ("Complaint"), filed January 31, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. The Court ordered authenticated records concerning Plaintiff's claims. ECF No. 13. Additionally, Plaintiff completed a *Watson* Briefing Order Questionnaire. ECF No. 15. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint is **WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Plaintiff alleges that on August 10, 2017, a Lieutenant and Major ("Defendant Does") pepper-sprayed him at the Baten ISF transfer facility. *Id.* at 1. Plaintiff claims he had difficulty breathing and was attempting to initiate a sick call when the incident occurred. *Id.* at 1–2. Plaintiff also alleges he was not allowed to decontaminate or shower after he was pepper sprayed. *Id.* at 3.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff provides few facts concerning the use of chemical agents. However, the Court has obtained authenticated records from TDCJ. The authenticated records reveal Plaintiff refused commands to perform a strip search and be secured for transport. Prison staff deployed chemical agents to secure compliance only after verbal intervention failed. Additionally, the authenticated records indicate copious amounts of water were used to decontaminate Plaintiff following the usage of chemical agents, through in-cell decontamination. Plaintiff was seen by a licensed vocational nurse following deployment of the chemical agents. All force was recorded with video

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

contained in the authenticated records. The authenticated records and video evidence do not support Plaintiff's claims.

In addressing an excessive force claim brought under Section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged."). In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person or the Eighth Amendment's ban on cruel and unusual punishments. Those are the two primary sources of constitutional protection against physically abusive governmental conduct. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The validity of the claim must then be judged by reference to the specific constitutional standard that governs that right, rather than to some generalized "excessive force" standard. *Id.*; *see also generally Tennessee v. Garner*, 471 U.S. 1 (1985) (excessive force claim to effect arrest analyzed under Fourth Amendment standard); *Whitley v. Albers*, 475 U.S. 312 (1986) (excessive force claim to subdue convicted prisoner analyzed under Eighth Amendment standard).

Prison staff cannot cause the unnecessary and wanton infliction of pain. *Whitley*, 475 U.S. at 320. The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 F. App'x 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The inquiry has two components: (1) an objective component focusing on whether the alleged wrongdoing was non-trivial and harmful enough to violate the constitution; and (2) a subjective component focusing on the mental state of

the alleged wrongdoer. *Hudson*, 503 U.S. at 7–8. Courts examines five non-exclusive factors to make this determination:

> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between this need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). Courts can consider these factors in any order. *Id.* "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Based on the authenticated records, combined with the minimal statements made by Plaintiff in both the Complaint and the Briefing Order Questionnaire regarding the need for force or his claim regarding decontamination and medical care, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE